572 S.E.2d 912

**Anna HALL and Edmund Hall, Her Husband, Plaintiffs Below**

**Anna Hall, Plaintiff Below, Appellant**

v.

**Larry D. CASTO, D.C., Defendant Below, Appellee**

No. 30462.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 9, 2002.

Decided Nov. 4, 2002.

David A. Mohler, Esq., Rose & Atkinson, Charleston, West Virginia, Attorneys for Appellant.

Ancil G. Ramey, Esq., Michelle E. Piziak, Esq., Charles F. Johns, Esq., Steptoe & Johnson, PLLC, Charleston, West Virginia, Attorneys for Appellee.

PER CURIAM:

A jury in this chiropractic malpractice action returned a verdict in favor of the defendant, Larry D. Casto, D.C., and the Circuit Court of Kanawha County entered a judgment on that verdict. In the present appeal, the appellant, who was the plaintiff below, claims that the circuit court erred in allowing the jury, over her objection, to listen to an audiotape, which had not previously been provided to her pursuant to her discovery motion, and to consider contents of the tape in reaching its verdict. She also claims that the circuit court erred in refusing to permit her to introduce into evidence a statement of certain medical bills which she claims she incurred.

I.

FACTS

The appellant, while driving a bus for the Kanawha Valley Regional Transportation Authority, was involved in a motor vehicle accident with an uninsured motorist on July 16, 1997. As a result of the accident, she sustained a cervical sprain.

Two days after the accident, the appellant consulted the appellee, a chiropractor, and on a subsequent visit, on August 15, 1997, the appellee, according to the appellant, jerked her neck forcefully to one side. She claims that, at that time, she felt severe pain shooting into her left thumb and first finger, pain which she had not previously experienced.

A subsequent MRI showed that the appellant had a herniated cervical disc at C5–6. For this problem, she subsequently underwent surgery and, as a consequence, she developed weakness in her right arm and a choking sensation.

The appellant, who believed that her herniated cervical disc was caused by the appellee, subsequently sued him claiming that he had engaged in malpractice when he jerked her head forcefully to one side on August 15, 1997.

Following the filing of the complaint in the action, the appellant engaged in discovery, and in her second request for production of documents, she sought, "[a]ny and all audiotapes generated by chiropractor Casto contemporaneously with any treatment that he provided the plaintiff for each occasion that he treated the plaintiff, or in the alternative, an accurate and unedited copy of each such audiotape."

Pursuant to the discovery request, the appellee provided the appellant with a copy of an audiotape made while the appellee was treating the appellant on August 15, 1997, the day of the alleged injury. The copy of the tape was largely inaudible.

In the course of the later trial of the case, it became obvious that the appellee intended to introduce into evidence the original audiotape made on August 15, 1997, and that the original tape was considerably more audible than the copy and that it seemingly contradicted the appellant's claim that the appellee had injured her on August 15, 1997. When it became obvious that the appellee intended to introduce this tape, the appellant moved to preclude its introduction. Essentially, the appellant took the position that the copy which had been provided was of such poor quality that it was not an accurate copy and that the appellant was surprised to learn that the original tape tended to contradict the position which she had already taken at trial. She essentially argued that she was surprised by the contents of the original tape and that the surprise had impaired her presentation of her case. After lengthy argument on the appellant's motion, the trial court ruled that the jury could hear both the original tape and the copy provided to the appellant.

In the present appeal, the appellant essentially argues that the copy of the audiotape provided was not an accurate copy and that the presentation of her case was prejudiced when the trial court subsequently allowed the introduction of the original tape.

A second problem which arose at trial involved the attempted introduction of a summary of the appellant's medical bills which the appellant proposed to introduce into evidence. The summary, which was 11 pages long, showed that the appellant had medical charges in excess of $97,000. The appellant reviewed the summary during trial and testified that the summary accurately reflected the bills which she incurred, and at that point, her attorney moved that the summary be admitted into evidence. Counsel for the appellee objected to the admission on the ground that a causal connection between the injury and the bills had not been established.

The appellant, to establish a causal connection, called as a witness Dr. Harbour, a chiropractor. Dr. Harbour was shown the summary and asked whether he had an opinion to a reasonable degree of chiropractic probability as to whether the bills incurred were related to the treatment which the appellant received on August 15, 1997. Dr. Harbour expressed the opinion that the charges were related to the event in question. The appellant again moved for the introduction of the medical summary into evidence, and the court denied that motion.

The appellant's second claim in the present appeal is that a proper foundation was established for the introduction of the summary and that the trial court erred in refusing to admit it into evidence.

## II.

### STANDARD OF REVIEW

The questions in the present case involve the correctness of the circuit court's rulings on the admission of evidence. In *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995), this Court discussed the review of evidentiary rulings, and especially admissibility rulings arising out of discovery problems. In Syllabus Point 1 of *McDougal v. McCammon, id.*, the Court stated:

> The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.

## III.

### DISCUSSION

As has previously been indicated, the appellant's first claim in the present appeal is that the trial court erred in admitting into evidence the original tape made during her session with the appellee on August 15, 1997. She essentially argues that the trial court should have refused to admit the tape because the appellee failed to provide it, or an accurate copy of it, to her in accordance with her discovery motion, and that the failure to provide her with the tape resulted in surprise and prejudice when the tape was eventually admitted during trial.

In *McDougal v. McCammon, id.*, this Court indicated that one of the purposes of discovery under the Rules of Civil Procedure is to eliminate surprise, and the Court also indicated that trial by ambush is not contemplated by the rules.

The facts in the *McDougal* case are somewhat similar to the facts of the case presently before the Court. In the *McDougal* case, a key issue was whether the plaintiff, Mrs. McDougal, was disabled from performing certain of her normal daily activities. At the time of the development of the case, the defendant possessed a videotape showing Mrs. McDougal performing her normal daily activities after her alleged injuries, a videotape which suggested that she was not, in fact, disabled. The defendant did not produce this tape in response to discovery requests, but then was allowed to show it to the jury during cross-examination of Mrs.

McDougal. Upon appeal, the claim was made that the failure to produce the tape had violated discovery requirements and the failure to produce it had prejudiced the plaintiffs' case by affecting trial strategy and by affecting the preparation of Mrs. McDougal as a witness. This Court, after examining the circumstances, concluded that: "By failing to provide this information through discovery, the defendant denied the plaintiffs an opportunity to present their case in a manner which would allow Mrs. McDougal to preserve and protect her credibility." *McDougal v. McCammon, id.* at 238, 455 S.E.2d at 797.

As has been previously indicated, the facts of the present case show that the appellant filed a discovery motion requesting that the tape made during her treatment on August 15, 1997, be provided to her or that, in the alternative, an accurate and unedited copy of the tape be provided.

Although the appellee responded to the discovery request, the response involved the provision of a tape which was inaudible, or nearly inaudible. A remark made by the trial judge after he subsequently listened to the tape shows its quality. The trial judge said: "I can't understand a damn thing on that tape."

When the original tape subsequently surfaced, and when it became obvious that it was more audible than the copy provided to the appellant, the appellant moved that the trial court exclude it from evidence. The trial court refused to exclude it and ruled that it could be played to the jury. When it was later actually played, the tape was audible and, in this Court's view, had the potentiality of destroying the credibility of the appellant, her testimony, and her case.

Although in the *McDougal* case, the defendant wholly withheld a tape during discovery, and in the present case a copy was produced in what was arguably technical compliance with the discovery motion, what truly was sought in the discovery process in the present case was not a physical item, the tape, but rather the contents of, or the words and sounds on, the tape.

In *McDougal*, the Court indicated that the fairness and integrity of the fact-finding process is the great concern of the Court in analyzing discovery problems, and the Court noted that when a party fails to acknowledge the existence of evidence that is favorable or adverse to a requesting party, it impedes the fairness and integrity of the fact-finding process.

Since the appellant in the present case was obviously seeking the words or sounds contained on the tape made on August 15, 1997, the Court believes that the appellee, by providing a copy of the tape which failed to replicate the words and sounds in a comprehensible way, violated the spirit and essence of the discovery process.

In *McDougal v. McCammon, id.* at 238, 455 S.E.2d at 797, the Court stated: "As a general rule, wrongfully secreting relevant discovery materials makes it inequitable for the withholder to retain the benefit of a favorable verdict."

In the *McDougal* case, the withholding of the tape in issue impacted on the question of damages, and clearly had nothing to do with liability, and because Mrs. McDougal failed to prevail on the question of liability, this Court concluded that the error relating to the tape did not adversely affect Mrs. McDougal because the jury found against her on the liability issue.

In the present case, on the other hand, the tape in question impacted on the question of liability, and the question of whether the appellee had actually injured the appellant at the time alleged.

In view of the circumstances of the case, this Court believes that the trial court abused its discretion in allowing the admission of the original tape when an accurate copy had not been provided in response to the appellant's discovery motion. This Court further believes that under the holding in *McDougal v. McCammon, id.,* the judgment of the circuit court must be reversed and this case must be remanded for a new trial.

As has previously been stated, the appellant also claims that the trial court erred in failing to admit into evidence the summary of her medical bills.

In view of the fact that the Court believes that the law relating to the proper foundation for the admission of such evidence is well developed, and in view of the fact that the case must be retried because of the tape error, this Court believes that it is unnecessary to discuss the medical summary issue.

## IV.

## CONCLUSION

For the reasons stated, the judgment of the Circuit Court of Kanawha County is reversed, and this case is remanded for a new trial.

Reversed and remanded.